(August 11, 2015)

■ Edward Tom, Respondent, v Robert N. Holtzman, M.D., Appellant. [15 NYS3d 325]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered October 30, 2013, which, after a jury verdict in defendant's favor, granted plaintiff's motion to set aside the verdict to the extent of ordering a new trial on one of plaintiff's three theories of liability, unanimously affirmed, without costs.

In this action for medical malpractice, the jury's verdict with regard to the timing of plaintiff's MRI was at odds with any fair interpretation of the evidence, requiring a new trial on his theory that defendant departed from good and accepted standards of neurosurgical care by failing to immediately obtain an

MRI (*see McDermott v Coffee Beanery, Ltd.*, 9 AD3d 195, 206 [1st Dept 2004]). Defendant failed to explain how waiting nearly 24 hours to examine plaintiff fell within the relevant standard of care. Upon his examination, defendant determined that plaintiff needed a transfer to a better equipped facility. Notably, defendant conceded that plaintiff needed an MRI "right away, that day," although he offered reasons for the delay. However, there were no MRI technicians available to perform scans on weekends at Cabrini, and he took no steps to either call a technician in or have an MRI performed elsewhere until the following day.

The jury's finding that defendant did not deviate from the standard of care by delaying surgery does not estop plaintiff from pursuing the theory at a second trial that defendant failed to timely obtain an MRI. Plaintiff's theory premised on the timing of the MRI is independent from his theory regarding the timing of the surgery. To the extent that the questions could result in an inconsistent verdict, defendant failed to object to the wording of the special verdict sheet. Concur—Gonzalez, P.J., Acosta, Moskowitz, Richter and Feinman, JJ.